IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| XIAOYAN FANG, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. : 3:24-CV-01191-GCS-DWD |
| | ) |
| THE KILIAN CORPORATION, | ) |
| KEELY & SONS, INC., | ) |
| KILIAN TRANSPORT, INC., | ) |
| ASPHALT SALES AND PRODUCTS, INC., doing business as or formerly known as KILIAN ASPHAULT PRODUCTS, INC., and DOES 1 through 50, Inclusive, | |
| | |
| Defendants. | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Plaintiff originally filed her negligence claim on March 26, 2024. On April 30, 2024, The Kilian Corporation, Kilian Transport, Inc., and Asphalt Sales and Products, Inc. (hereinafter, "Defendants") filed their Notice of Removal. Now pending before the Court is the parties' Consent Motion to Remand (Docs. 17 and 24). For the following reasons, the Motion is **GRANTED**.

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where specifically authorized by federal statute. *See Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008). Under 28 U.S.C. § 1332(a), district courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 and complete diversity of citizenship exists. In this case, there is no dispute over the amount

in controversy or diversity. Rather, after conferring, the parties agree that the case must be remanded under the forum defendant rule.

Although diversity jurisdiction exists, Defendants, as the removing parties, must also "clear the additional hurdle of the forum defendant rule." *See Knightsbridge Mgmt., Inc. T/A Knightsbridge Rest. Grp. v. Zurich Am. Ins. Co.*, 518 F. Supp. 3d 1248, 1252 (S.D. Ill. 2021) (citing *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013)) (internal markings omitted). The forum defendant rule prohibits the removability of a diversity action when any of the parties in interest "properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *Knightsbridge Management, Inc. T/A Knightsbridge Restaurant Group*, 518 F. Supp. 3d at 1253. This hurdle is at issue here because Defendants are citizens of Illinois, the state where the action was originally brought.

Because Defendants are citizens of Illinois, as they are incorporated under the laws of Illinois with their principal places of business in Mascoutah, Illinois, the parties agree that the case must be remanded to state court. Upon review of the record and of applicable authority, the Court agrees. Accordingly, the Agreed Motion to Remand is **GRANTED**. This case is **REMANDED** back to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. The Clerk of Court is **DIRECTED** to close this case

**SO ORDERED.**

Dated: May 30, 2024

                                                s/*David W. Dugan*
                                                DAVID W. DUGAN
                                                United States District Judge